UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH A. HOFER )<br>    PLAINTIFF ) <br> ) <br>VS. ) <br> ) <br>CREDIT SMART, LLC ) <br>    DEFENDANT. ) | CIVIL ACTION NO.:<br>4:11-cv-1140<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff, Joseph A. Hofer, brings this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. seeking a declaration that Defendant's debt collection practices violate the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §1331.

2. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here and the Defendant transacts business here.

### PARTIES

3. Plaintiff, Joseph Hofer, is a citizen of the State of Missouri, residing in the Eastern District of Missouri, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to U.S. Bank, the alleged successor in interest to HSBC.

4. Defendant, Credit Smart, LLC, is a corporation organized and existing pursuant to law with a principal place of business located at 273 Walt

Whitman Rd., Suite 356, Huntington Station, N.Y. 11746 which acts as a debt collector, as defined by § 1692a of the FDCPA, as it regularly uses the mails and/or telephone to collect or attempt to collect delinquent consumer debts, including delinquent consumer debts in the Eastern District of Missouri.  Credit Smart, LLC was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.  Credit Smart has no registered agent in the State of Missouri.

## **FACTUAL ALLEGATIONS**

5. On or about January 6, 2011 at 6:16 PM, Defendant left a message on Plaintiff's cell phone voice mail recording device in an effort to collect on a delinquent consumer debt originally owed to US Bank, successor to HSBC.  The Credit Smart collector made the following statement:  "Okay Joseph, this is Matthew Cooper from the pre-legal verification department.  I think we got disconnected, but I was calling to inform you that you have a pre-legal matter being processed against you at this time in St. Louis, and I was just trying to get you the names of the representatives and their contact number that you had to speak with about this.  Their contact number is 1(888) 416-4980, and your case number, sir, is 257443.  Again, the case number is 257443.  Joseph, it is very important that you do call to speak with a representative by at least 12 noon tomorrow so that no paperwork is processed against you.  Thank you, sir.  Have a nice day."  Plaintiff's cell phone number is (314) xxx-5278.

6. On January 6, 2011 at 6:18 PM, Credit Smart left a voice message on Plaintiff's sister's residential phone line voice message recorder.  Plaintiff's

sister is Ingrid Devlin, and her phone number is (314) xxx-4993.  The message was prerecorded and contained the following statement:  "We have a very important message for Joseph Hofer.  This is Credit Smart.  We have recently acquired one of your delinquent credit matters that is currently damaging your credit history.  With no resolve, this matter will further damage your variable credit score.  To speak with a Credit Specialist and remove this blemish from your credit report, please call (877) 230-1901 and refer to file number 257443.  Call now and immediately qualify for our hardship settlement program.  Thank you."

7.  Plaintiff never provided any consent to Credit Smart with respect to contacting third parties, including his sister, Ingrid Devlin, and Credit Smart's communication was not limited to a request for Plaintiff's location information.

8.  On January 13, 2011 at 7:06 AM, Defendant left a message on Plaintiff's cell phone voice mail recording device.  The message was prerecorded and contained the following statement: "Hello Joseph Hofer.  We will be making a determination on your case before January 15, 2011.  Due to regulations, you now qualify for a bailout program.  For immediate enrollment and to stop all actions, you must contact our office on or before January 15th.  Due to an overwhelming response to this program, we recommend that you contact 1 (877) 822-5296 as soon as possible to assure enrollment.  Thank you."

9.  On January 17, 2011, Plaintiff contacted one of Defendant's collectors by placing a call to (877) 822-5296.  Plaintiff spoke with a woman who identified herself as Cheryl Sparks.  Ms. Sparks advised Plaintiff that he owed

$1,383.59 on a US Bank Mastercard with an account number of 5488 9750 1992 2973, and advised the account was still in the "pre-legal department."  Ms. Sparks stated that "before the matter is submitted to the County, Credit Smart was offering a reduced settlement in the amount of $484.25 as part of Credit Smart's "bail out" program."  Ms. Sparks also advised Plaintiff that the account was opened on February 11, 2003 and that the last activity on the account occurred in June of 2005.  When Plaintiff advised Ms. Sparks that he wanted some time to check his own records, she advised him that the account was still in a "pre-legal" state but that she would need to hear back from Plaintiff by 4:00 PM that day.

10.   On February 1, 2011 at 1:08 PM, Defendant left a message on Plaintiff's cell phone voice mail recording device.  The Credit Smart collector made the following statement:  "Yes, this message is for Joseph Hofer.  Joseph, this is Cheryl Sparks.  I spoke with you on the 17th regarding a settlement for the matter we have in our office.  At this time, unfortunately, that settlement is expiring, so it is very important I speak with you today.  You can reach me at 1(866)509-3202.  Once again at this time, that settlement will no longer be available to you, so if this is something that you want to take advantage of it is very important that I speak with you today.  You can reach me at 1(866) 509-3202.

11.   On April 29, 2011 at 12:55 PM, Defendant left a message on Plaintiff's cell phone voice mail recording device. The message was prerecorded and contained the following statement:  "Hello Joseph Hofer.  This is CS

Processing.  We have a very important matter that requires your attention for case number 257443.  For more information about this action you will need to contact 1(866) 509-3202.  Thank you.

## COUNT I
## Violations Of § 1692b and § 1692c(b) Of the FDCPA
## Improper Third Party Contacts

12. Plaintiff repeats the allegations contained above as if the same were herein set forth at length.

13. Section 1692c(b) of the FDCPA prohibits a debt collector from communicating with any other person, including a consumer's relatives, without the prior consent of the consumer. No such consent was provided.

14. Section 1692b(3) of the FDCPA provides a very limited exception to the no contact rule contained in §1692c(b). That exception involves acquiring location information about the consumer.

15. At the time of the communications and contacts with Plaintiff's sister, Ingrid Devlin, Defendant Credit Smart, LLC was already in possession of Plaintiff's cell phone number, as evidenced by the fact that it had attempted to contact him on his cell phone on other occasions prior to contacting Plaintiff's sister.

16. Though a debt collector's search for information concerning the consumer's location is expressly excepted from the ban on third party contacts as set forth in §1692c(b), a debt collector may not contact third parties under the pretense of gaining information already in its possession.  See Federal Trade Commission Staff Commentary § 805(b)(2).

17. In addition, a debt collector, in attempting to acquire location information, cannot disclose in any communication with the third party that he or she is a debt collector or that the communication relates to the collection of a debt. See 15 U.S.C. § 1692b(5).

18. Defendant violated §§ 1692b(2) and 1692b(5) by leaving a voice message with Plaintiff's sister, Ingrid Devlin, which communicated direct information to her indicating Defendant's name, the nature of Defendant's business and that the purpose of the call was associated with an attempt to collect a debt from Plaintiff.

19. Credit Smart, LLC violated §§1692c(b) and 1692b of the FDCPA when it left a voice message on Plaintiff's sister's residential phone voice message system, since Plaintiff did not consent to the contacts with his sister, and Credit Smart, LLC was already in possession of Plaintiff's location information at the time. In addition, the message which Credit Smart left with Plaintiff's sister clearly communicated that it was attempting to collect a debt from Plaintiff.

20. Defendant's violations of §§ 1692c(b) and 1692b of the FDCPA render it liable for actual damages and statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k.

## COUNT II
## Violations Of § 1692e(5) Of the FDCPA
## False Threats of Litigation

21. Plaintiff repeats the allegations contained above as if the same were herein set forth at length.

22. Section 1692e(5) of the FDCPA prohibits a debt collector from threatening to take any action which cannot legally be taken or that is not intended to be taken.

23. Defendant's collectors made several statements in the course of attempting to collect a delinquent consumer debt from Plaintiff which implied that it would file suit in the event that Plaintiff did not contact Defendant about this account.  These included references to a "pre-legal verification department," a "pre-legal matter being processed against you at this time in St. Louis," a "case number," and a threat which stated "it is very important that you do call to speak with a representative by at least noon tomorrow so that way no paperwork is processed against you."

24. Defendant Credit Smart, LLC was not in a position to pursue a claim against Plaintiff by filing suit due to the fact that the applicable Statute of Limitations had expired.

25. Credit Smart, LLC violated §1692e(5) of the FDCPA when it communicated with Plaintiff in a manner that suggested that it would file suit against Plaintiff in the event that he did not respond to its calls.

26. Defendant's violation of § 1692e(5) of the FDCPA renders it liable for actual damages and statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k.

## COUNT III
### Violations Of §§ 1692e(11) and 1692d(6) of the FDCPA
### Failure to Provide Required Disclosures

27. Plaintiff repeats the allegations contained above as if the same were herein set forth at length.

28. Section 1692e(11) of the FDCPA requires debt collectors in subsequent communications to consumers to disclose that the communication is from a debt collector in an attempt to collect a debt.

29. Section 1692d(6) of the FDCPA requires debt collectors to provide meaningful disclosure of its identity when placing telephone calls to consumers.

30. Defendant's collectors left messages on Plaintiff's cell phone voice mail recording device wherein they failed to disclose that the message was being left by a debt collector in an attempt to collect a debt in violation of § 1692e(11) of the FDCPA.

31. Defendant's collectors failed to identify Credit Smart, LLC as the entity leaving the message in two of the messages in violation of § 1692d(6) of the FDCPA.

32. Defendant's violations of Sections 1692e(11) and 1692d(6) of the FDCPA renders it liable for actual damages and statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k.

## COUNT IV
### Violations Of §§ 1692e(2)(A) and 1692f(1) of the FDCPA
### Implied Threats of Suit on a Time-Barred Debt

33. Plaintiff repeats the allegations contained above as if the same were herein set forth at length.

34. Section 1692e(2)(A) and 1692f(1) of the FDCPA prohibit debt collectors from making threats to file suit on debts on which the applicable statute of limitation has expired in an effort to collect on a delinquent consumer debt. See *Freyermuth v. Credit Bureau Serices, Inc.*, 248 F.3d 767 (8th Cir. 2001).

35. Defendant's collectors made numerous statements and communications to Plaintiff suggesting that a case or lawsuit would be filed if he did not make payment arrangements on a debt wherein Defendant's own information indicated that the last date of activity on the account was June 30, 2005, and the statute of limitations on the account expired pursuant to Missouri law on June 30, 2010.  The messages in question were left on Plaintiff's cell phone voice message recorder in January and February of 2011, well after the applicable statute of limitations had expired.

36. Defendant's violations of Sections 1692e(2)(A) and 1692f(1) of the FDCPA renders it liable for actual damages and statutory damages, costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Joseph A. Hofer, prays that this Court:

1. Declare that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff and against Defendant for actual and statutory damages, costs, and reasonable attorneys' fees as provided by 15 U.S.C. § 1692k(a); and

3. Grant such further relief as deemed just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

/s/ Joseph A. Hofer
**Joseph A. Hofer**

**THE SWANEY LAW FIRM**

/s/ Robert T. Healey
Robert T. Healey
EDMO # 3356; Missouri Bar #34138
Attorney at Law
3460 Hampton, Suite 205
St. Louis, MO 63139
rhealey1960@gmail.com
telephone: (314) 481-7778
fax:  (314) 481-8479